UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
| Title | *Anne Heiting v. The Container Store, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [16] AND DEFENDANT'S MOTION TO DISMISS [10]**

Before the Court are Plaintiff Anne Heiting's Motion to Remand [Doc. # 16 ("MTR")] and Defendant The Container Store's, Inc. ("Container Store") Motion to Dismiss [Doc. # 10 ("MTD")]. This case relates to Defendant's alleged practice of unlawfully recording users' conversations with the "chat bot" on the Container Store's website without notice or consent. *See generally* Lally Decl. ISO Ntc. of Removal, Ex. A (Compl.) [Doc. # 1-2].

The motions are fully briefed. [Doc. ## 20 ("MTR Opp."), 23 ("MTR Reply"), 21 ("MTD Opp."), 22 ("MTD Reply").] For the following reasons, the Court **GRANTS** Heiting's MTR, and **DENIES as moot** Defendant's MTD.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND[1]

Heiting alleges that she visited Defendant's website, containerstore.com, and utilized its chat box feature without being informed "that her conversations were being recorded and exploited for commercial surveillance purposes without her consent." Compl. ¶ 8. She asserts that Containerstore.com has an embedded code that transfers the chat box inquiries to another website, salesforce.com ("Sales Force") that stores the user's information "for its own purposes." *Id.* ¶¶ 8–10. Defendant does not inform visitors that another website gains access to such information. *Id.*

Heiting also alleges that Container Store's own disclosures reveal that it collects a wide range of information from the users of its website, such as name identifiers, gender, transaction details, location, IP address and more. *Id.* ¶ 11. Heiting alleges that visitors would be "shocked and appalled" to know that the Container Store secretly records their conversations with the chat

---

[1] For the purposes of ruling on the Container Store's MTD, the Court will assume the truth of Heiting's allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
| Title | Anne Heiting v. The Container Store, Inc., et al. | Page | 2 of 6 |

bot and "pays a third-party to eavesdrop on them in real time" when consumers visit the website to shop. *Id.* ¶ 12. The Container Store did not receive Plaintiff's express or implied consent to wiretap or allow third parties to eavesdrop on their conversations. *Id.* ¶ 14.

On August 23, 2023, Heiting filed suit against Defendant in Los Angeles County Superior Court alleging violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code section 631(a) and the Computer Data Access and Fraud Act ("CDAFA"),[2] Penal Code section 502(e). *See* Compl. ¶¶ 15–27. Container Store subsequently removed the case to this Court on the basis of diversity jurisdiction. *See* Ntc. of Removal ¶¶ 7–8 [Doc. # 1].

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332(a)(2), a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. An action may be removed to a federal district court on the basis of diversity jurisdiction. *See* 28 U.S.C. section 1441(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.") Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citation omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Id.* at 566–67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A district court may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotation marks omitted); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795

---

[2] This law is sometimes referred to as the "Unauthorized Access to Computer Data Act," or "CUCA."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
| Title | *Anne Heiting v. The Container Store, Inc., et al.* | Page | 3 of 6 |

(9th Cir. 2018) ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails" to prove to a preponderance of the evidence with "summary judgment-type evidence" that the fees will be incurred."). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Singer*, 116 F.3d at 377.

## III.
## DISCUSSION

Heiting does not dispute that diversity of citizenship exists between the parties, only that the Container Store cannot prove that her claimed damages exceed the jurisdictional minimum requirement of $75,000. *See* MTR at 7.[3] Heiting's original Complaint indicated that she brings a civil case where the amount demanded exceeds $25,000, so the Court will begin with that amount for the purpose of determining the amount-in-controversy requirement. *See* Ntc. of Removal ¶ 14.

### A.    Actual and Statutory Damages

Under CIPA, "any person who has been injured by a violation . . . may bring an action . . . [of] five thousand dollars per violation." Cal. Penal Code § 637.2. Heiting's Complaint appears to refer to only a single specific instance of a CIPA violation, which would limit the statutory damages to $5,000. *See* MTR at 6–8; Compl. ¶ 8 ("During a browsing session on the Defendant's website, the plaintiff utilized the chat box feature.").

Elsewhere in the Complaint, however, she alleges "numerous independent and discreet violations of" CIPA. *See* Compl. ¶ 20. The "browsing session" referenced in Paragraph 8 is ambiguous as to the date it occurred and whether it was the only time. The language of "numerous and discreet" violations, however, could imply that she intends to seek damages for multiple violations. *See* Compl. ¶¶ 15, 20; *see also* MTR Opp. at 8. Since the Ninth Circuit requires district courts to "strictly construe[] the removal statute against removal jurisdiction," *see Gaus*, 980 F.2d at 566, the Court will rely on the figure of $5,000 in statutory damages.[4]

//
//

---

[3] All page citations herein refer to the page numbers inserted by the CM/ECF system.

[4] Even if the Court were to accept Defendant's $15,000 figure for CIPA statutory damages, remand would still be appropriate. *See infra* Part III.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
| Title | Anne Heiting v. The Container Store, Inc., et al. | Page | 4 of 6 |

**B.    Attorneys' Fees**

Under CDAFA, Heiting may be entitled to a statutory award of attorneys' fees. *See* Cal. Pen. Code § 502(e); *see also Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1195 (S.D. Cal. 2018). "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

The Container Store's estimate of attorneys' fees is based on several conclusory assumptions. First, Container Store assumes that the case will be litigated through trial, which is highly unusual in CDAFA cases. *Cf. Ramirez v. Herschel Supply Co., Ltd.*, No. CV 23-7278-MCS (JPRx), 2024 WL 324897, at *3 (C.D. Cal. Jan. 29, 2024) (finding that defendant did not meet burden to show it would incur estimated attorneys' fees in CDAFA case that was not likely to go to trial or require extensive discovery). The Court's own legal research yielded very few examples of CDAFA claims that have been litigated through trial, all in cases with many other claims at issue. *See, e.g., Stellar Labs, Inc. v. FL3XX GmbH*, 2024 WL 1281331 (N.D. Cal. Mar. 25, 2024).

Next, Container Store's Notice of Removal states that this case has "complex issues pleaded," but it does not explain to which issues it refers, nor why they are particularly complex such that the case would take longer to litigate and require more hours billed. Nor did it, as many attorneys do in these cases, provide a concrete figure of the time it has billed so far in this case as a touchstone for the Court's consideration. Instead, it relies on a declaration it filed in 2018, a much more remote point of comparison. *See* Opp. at 9–10. This evidence does not explain the specific circumstances of this case, nor does it account for the possibility that an attorney with a lower billable rate could do work on the case. *See Ramirez*, 2024 WL 324897, at *5 ("each case is different, and it is impossible to speculate as to what amount of work will ultimately be expended on the litigation.") (quoting *Sabatini v. Ricoh USA, Inc.*, 2016 WL 4611017, at *3 (N.D. Cal. Sept. 6, 2016)).

"District courts have discretion to disregard attorneys' fees in determining the amount in controversy where a fee estimate is too speculative." *See Sood v. FCA US, LLC*, No. CV 21-4287-RSWL (SKx), 2021 WL 4786451, at *6 (C.D. Cal. Oct. 14, 2021); *see also Ramirez v. Indochino Apparel Inc.*, No. CV 23-8637-JAK (PDx), 2024 WL 1256277, at *4 (C.D. Cal. Mar. 22, 2024) (concluding that defendant did not meet burden to prove attorneys' fees amount-in-controversy); *Mahlmeister v. FCA US LLC*, No. CV 21-00564-AB (AFMx), 2021 WL 1662578,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
| Title | Anne Heiting v. The Container Store, Inc., et al. | Page | 5 of 6 |

at *3 (C.D. Cal. Apr. 28, 2021) (same); *see also Vega v. FCA US LLC*, No. 21-CV-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021) (same).

Overall, Container Store has not made a satisfactory showing by a preponderance of the evidence that the Court can use estimated attorneys' fees in this case to meet the jurisdictional threshold.

### C.     Punitive Damages

Punitive damages may be included in a removing defendant's amount-in-controversy estimate if, like here, they are recoverable under the applicable law. *See Reese v. Daikin Comfort Techs. Distribution, Inc.*, -- F. Supp. 3d --, No. CV 24-0050-AB (MARx), 2024 WL 1580168, at *2 (C.D. Cal. Apr. 10, 2024) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

In cases where the plaintiff seeks an unspecified amount of punitive damages, the most common way to establish an estimate of probable damages is to "introduce evidence of jury verdicts in cases involving analogous facts" in order to establish probable punitive damages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Container Store did not do so here.

Courts have held that "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022) (citations omitted); *see also Lenau v. Bank of America*, 131 F. Supp. 3d 1003, 1007 (E.D. Cal. 2015) (same). Even if the Court construed Heiting's pleadings to allege three separate CIPA violations, there would need to be a 4:1 ratio of punitive damages awarded to meet the amount-in-controversy.

While the Complaint's allegation of "shock[ing]" and "appall[ing]" conduct certainly implies some punitive damages might be appropriate, Defendant has not met its burden to prove that it will likely reach the requisite amount to keep this case in federal court. *See* Compl. ¶ 12.

//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8073-DMG (AGRx) | Date | September 25, 2024 |
|---|---|---|---|
| Title | *Anne Heiting v. The Container Store, Inc., et al.* | Page | 6 of 6 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Heiting's MTR and **REMANDS** this case back to the Los Angeles County Superior Court.

**IT IS SO ORDERED**.